**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ANTHONY LITTLE, | : | |
| Plaintiff, | : | Civil No. 07-1586 (RBK) |
| v. | : | |
| CAMDEN COUNTY CORRECTION, et al., | : | **OPINION** |
| Defendants. | : | |

**APPEARANCES**:

    ANTHONY LITTLE, #186189, Plaintiff pro se
    Camden County Correctional Facility
    P.O. Box 90431
    Camden, New Jersey  08101

**KUGLER**, District Judge

    Plaintiff Anthony Little, a pretrial detainee confined at the Camden County Correctional Facility ("CCCF"), seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915.  The Court will grant the application to proceed in forma pauperis.  Having thoroughly reviewed Plaintiff's allegations, as this Court is required to do, see 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), the Court will dismiss certain defendants and allow the Complaint to proceed against Defendant Lutz.

## I.   BACKGROUND

Plaintiff asserts violations of his constitutional rights arising from his arrest in Camden, New Jersey.  The named defendants are:  Camden Police Officer Lutz, Camden Police Department, Camden County Correction, Camden Hospital, and Emergency Medical Services.  Plaintiff asserts the following facts, which will be viewed as true for the purposes of this review.  Plaintiff alleges that Defendant Officer Lutz used excessive force during Plaintiff's arrest by slamming his head against a car and breaking his jaw.  Plaintiff asserts that Defendants Camden Hospital and Emergency Medical Services failed to diagnose the broken jaw.  Plaintiff alleges that officials at CCCF diagnosed the broken jaw and sent Plaintiff to a specialist, but "never corrected the injury."  (Compl. ¶ 4.)  For relief, Plaintiff seeks compensation for his injury and to punish Defendants for their negligence.

## II.   STANDARD FOR SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua

sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).  "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Thomas v. Independence Tp., 463 F.3d 285, 296-97 (3d Cir. 2006); Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004).  Under the notice pleading standard, a plaintiff need not set out in detail the facts upon which his claim for relief is based, but need only provide a statement sufficient to put the opposing party on notice of his claim.  See, e.g., Foulk v. Donjon Marine Co., 144 F.3d 252, 256 (3d Cir. 1998).

### III.  DISCUSSION

Federal courts are courts of limited jurisdiction.  <u>See</u> <u>Mansfield, C. & L. M. Ry. Co. v. Swan</u>, 111 U.S. 379, 383 (1884).  "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."  <u>Bender v. Williamsport Area School Dist.</u>, 475 U.S. 534, 541 (1986).  A district court may exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority."  U.S. Const. art. III., § 2; <u>see also</u> 28 U.S.C. § 1331.

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

A.  Excessive Force

Plaintiff asserts that Defendant Officer Lutz broke his jaw and otherwise used excessive force during Plaintiff's arrest. A claim of excessive force by law enforcement officials in the course of an arrest is analyzed under the Fourth Amendment's reasonableness standard. See Graham v. Connor, 490 U.S. 386, 395 (1989); Nelson v. Jashurek, 109 F.3d 142 (3d Cir. 1997); United States v. Johnstone, 107 F.3d 200, 204 (3d Cir. 1997). "To state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, a plaintiff must show that a 'seizure' occurred and that it was unreasonable." Abraham v. Raso, 183 F.3d 279, 288 (3d Cir. 1999).

"A 'seizure' triggering the Fourth Amendment's protections occurs only when government actors have, by means of physical force or show of authority. . . . in some way restrained the liberty of a citizen." Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). Proper application of the reasonableness standard

"requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. at 289 (quoting Graham, 490 U.S. at 396); accord Mosley, 102 F.3d at 95; Baker v. Monroe Tp., 50 F.3d 1186, 1193-93 (3d Cir. 1995).

In this case, Plaintiff may be able to establish that Defendant Lutz used excessive force in violation of the Fourth Amendment. See Johnstone, 107 F.3d at 203-207. The Court will allow the excessive force claim to proceed against Lutz. However, the excessive force claim is dismissed without prejudice as against the Camden Police Department on the ground that a police department is not a "person" subject to suit under § 1983.[1] Plaintiff is free to file an amended complaint as of right at any time prior to service of a responsive pleading if he believes that he can name additional defendants. See Fed. R. Civ. P. 15(a).

---

[1] This Court will not construe the Complaint as naming the City of Camden as Defendant because Plaintiff's allegations do not show that the use of excessive force resulted from a custom or policy of the City of Camden. See Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 (1978) ("when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts and acts may fairly be said to represent official policy, inflicts the injury . . . the government as an entity is responsible under § 1983").

B.  Inadequate Medical Care

Plaintiff asserts that Camden Hospital and Emergency Medical Services did not properly diagnose his broken jaw. He alleges that, although CCCF sent him to a specialist who diagnosed the broken jaw, CCCF never corrected the injury.

Arrestees and pretrial detainees have a right under the Due Process Clause of the Fourteenth Amendment to adequate medical care, and the Eighth Amendment acts as a floor for due process inquiries into medical conditions of pretrial detainees. See Hubbard v. Taylor, 399 F.3d 150, 166 (3d Cir. 2005). While "the due process rights of a [pretrial detainee] are at *least* as great as the Eighth Amendment protections available to a convicted prisoner, id. (citation omitted), the proper standard for examining such claims is the standard set forth in Bell v. Wolfish, 441 U.S. 520 (1979) i.e., whether the inadequate medical treatment amounted to punishment prior to an adjudication of guilt.

The Due Process Clause of the Fourteenth Amendment prohibits punishment of a pretrial detainee prior to an adjudication of guilt in accordance with due process of law. See Bell, 441 U.S. at 535.[2]  "Restraints that are reasonably related to the

---

[2] "[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law. Where the State seeks to impose punishment
(continued...)

institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial." <u>Bell</u>, 441 U.S. at 540.  "In assessing whether the conditions are reasonably related to the assigned purposes, [a court] must further inquire as to whether these conditions cause [inmates] to endure [such] genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them."  <u>Hubbard v. Taylor</u>, 399 F.3d 150, 159 (3d Cir. 2005) (quoting <u>Union County Jail Inmates v. DiBuono</u>, 713 F.2d 984, 992 (3d Cir. 1983)).

In previous cases, the United States Court of Appeals for the Third Circuit has not applied a different standard than that set forth in <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976), (pertaining to prisoners' claims of inadequate medical care under the Eighth Amendment) when evaluating whether a claim for inadequate medical care by a pretrial detainee is sufficient under the Fourteenth Amendment.  <u>See</u> <u>Natale v. Camden County Correctional Facility</u>, 318 F.3d 575, 581 (3d Cir.2003) (citation omitted).  This Court

---

[2](...continued)
without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment." <u>Bell v. Wolfish</u>, 441 U.S. 520, 537, n.16 (1979) (quoting <u>Ingraham v. Wright</u>, 430 U.S. 651, 671-72, n.40 (1977)); <u>see also</u>  <u>City of Revere v. Massachusetts General Hospital</u>, 463 U.S. 239, 244 (1983).

will therefore evaluate the Fourteenth Amendment claim for inadequate medical care under the Eighth Amendment standard, set forth in <u>Estelle</u>, used to evaluate similar claims.

To establish a violation of the right to adequate medical care under the Eighth Amendment, a prisoner "must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." <u>Natale v. Camden County Correctional Facility</u>, 318 F.3d 575, 582 (3d Cir. 2003); <u>see also</u> <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976). A medical need is serious if it has been diagnosed by a physician as requiring treatment or "if unnecessary and wanton infliction of pain, . . . results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the Eighth Amendment.'" <u>Atkinson v. Taylor</u>, 316 F.3d 257, 266 (3d Cir. 2003) (quoting <u>Monmouth County Correctional Institutional Inmates v. Lanzaro</u>, 834 F.2d 326, 347 (3d Cir. 1987)).

An official may be found deliberately indifferent where he "knows of and disregards an excessive risk to inmate health or safety." <u>Natale</u>, 318 F.3d at 582 (quoting <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994)). "Where prison authorities deny reasonable requests for medical treatment, however, and such denial exposes the inmate to undue suffering or the threat of tangible residual injury, deliberate indifference is manifest." <u>Lanzaro</u>, 834 F.2d

at 347.  In addition, deliberately delaying necessary medical care when the delay causes an increased risk of harm constitutes deliberate indifference that is actionable.  Id.; Estelle v. Gamble, 429 U.S. 97 (1976); Durmer v. O'Carroll, 991 F.2d 64 (3d Cir. 1993); White v. Napoleon, 897 F.2d 103 (3d Cir. 1990).

However, "in the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'"  Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (quoting Estelle, 429 U.S. at 105).  Plaintiff's medical claim, as written, fails because

> a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.

Estelle, 429 U.S. at 106.

Because the Complaint, as written, shows nothing more than negligence, the Court will dismiss Plaintiff's inadequate medical claims.  However, the dismissal is without prejudice to the filing of an amended complaint if Plaintiff can show that an individual acting under color of state law was deliberately indifferent to his serious medical needs.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002) (unless

amendment would be futile, district court may not dismiss complaint without permitting amendment).

### IV.   CONCLUSION

The Court grants Plaintiff's application to proceed <u>in forma pauperis</u> and dismisses certain Defendants and claims.

<pre>
                                    S/Robert B. Kugler
                                    <b>ROBERT B. KUGLER, U.S.D.J.</b>
</pre>

Dated:    April 18   , 2007